**SHIELDS PETITTI, PLC**
**Michael J. Petitti, Jr. – 011667**
**Paige C. Pataky – 029951**
**5090 N. 40th Street, Suite 207**
**Phoenix, Arizona 85018**
**Telephone: (602) 718-3330**
**Facsimile: (602) 675-2356**
**E-Mail: mjp@shieldspetitti.com**
**E-Mail: pcp@shieldspetitti.com**
**E-Mail: docket@shieldspetitti.com**

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Regina Juarez,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Maricopa County; Sheriff Paul Penzone, in his official capacity; Barry Roska, in his official capacity,<br><br>　　　　　Defendants. | Case No.<br><br><br>**COMPLAINT** |

Plaintiff Regina Juarez for her cause of action against Defendants Maricopa County, Sheriff Paul Penzone, and Barry Roska hereby alleges:

1211175.1

## GENERAL ALLEGATIONS
### (Parties and Jurisdiction)

1. Plaintiff is a resident of Maricopa County, Arizona and was a resident of Maricopa County during all relevant times. She is an employee of the Maricopa County Sheriff's Office.

2. Defendant Maricopa County is a political subdivision of Arizona that can sue and be sued in its own name. Maricopa County is responsible for the oversight of the Maricopa County Sheriff's Office and for ensuring its activities comply with state and federal laws prohibiting discrimination and retaliation against employees.

3. Defendant Paul Penzone is the Maricopa County Sheriff and is sued in his official capacity. Sheriff Penzone is responsible for the operation of the Maricopa County Sheriff's Office and has ultimate authority over the discriminatory and retaliatory employment practices engaged in by employees.

4. Defendant Barry Roska is a resident of Maricopa County, Arizona and has been the Executive Chief of the Maricopa County Sheriff's Office Custody Bureau during all relevant times.

5. Defendants have committed actions and caused events to occur in Maricopa County, which are the foundation of this action and out of which this action arises.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4), 42 U.S.C. § 1981 and 42 U.S.C. § 2000e.

1211175.1

7. Venue is proper under 28 U.S.C. § 1391 because the acts detailed in this Complaint occurred within the District of Arizona and all parties reside within the District of Arizona.

**(Nature of Action)**

8. This is an action brought by Plaintiff to vindicate violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and 42 U.S.C. § 1981.

**(Jury Demand)**

9. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

10. Plaintiff has been employed by Defendant Maricopa County as a Detention Officer since 2012.

11. On January 22, 2017, Plaintiff filed a Memo of Complaint against a male fellow officer regarding assault and sexual harassment. Plaintiff was reluctant to file the Memo of Complaint, as she feared retaliation, but was instructed by her supervisor that she had to report the officer's conduct.

12. Subsequently, the officer against whom Plaintiff filed the Memo of Complaint and his best friend, another male officer, filed two (2) meritless complaints against Plaintiff in retaliation for filing the Memo of Complaint.

1211175.1

13. In late 2018, Plaintiff applied for promotion to Sergeant and took the required written and oral examinations. She scored highly, ranking number seven (7) out of sixty (60) candidates who tested.

14. On February 25, 2019, Defendant Roska informed Plaintiff that although she scored highly and qualified for the promotion to Sergeant, she would not be receiving the promotion. He claimed that the reason was because she had three (3) open Internal Affairs investigations. Plaintiff was aware of only the two (2) that had been initiated by the officer against whom she made the complaint about assault and sexual harassment and his friend. Plaintiff told Defendant Roska that the IAs were retaliatory and she was confident that they would be closed as unfounded.

15. Defendant Roska then claimed that another reason Plaintiff would not be promoted was because she also had two (2) previous sustained allegations of minor conduct discipline that resulted in written reprimands. The written reprimands were from 2014 and 2015. The 2014 reprimand involved an alleged missed security walk, which she vehemently denied at the time, and she signed the reprimand under threat from her supervisors. The male officer who was assigned to the housing unit and was responsible for the security walk did not receive discipline. The 2015 reprimand involved her refusal escort a naked female inmate past a window where males could see her.

16. By May 1, 2019, the IA investigators informed Plaintiff that the open cases against her, which had been pending since 2017, would soon be closed as unfounded.

1211175.1

However, on May 14, 2019, Plaintiff was again denied a promotion, ostensibly due to the still-open IA investigations. Shortly thereafter, she was informed that she was cleared and all that remained was finalization of the paperwork.

17. In July 2019, Plaintiff entered a complaint against her supervisor relating to an inappropriate remark he made about a transgender inmate. Later that month, during an interview for her complaint, Plaintiff disclosed additional sexual harassment she was aware of involving another female officer.

18. On August 14, 2019, Plaintiff was again informed that she was being denied the promotion to Sergeant. This time, Defendant Roska told Plaintiff that she simply had been involved in too many IA investigations and that, as long as he was Chief, she would never be promoted.

19. Plaintiff timely filed a Charge of Discrimination with the EEOC on June 8, 2020. The EEOC issued its Notice of Right to Sue thereafter. (Exhibit 1).

20. Plaintiff recently discovered that Defendants have maintained a pattern and practice of race discrimination against Hispanic employees in regard to promotions. Defendants have also, by the use of facially neutral employment practices and on other occasions by the use of excessively subjective standards for selection of those to be promoted or subject to discipline, caused a significant, adverse, and discriminatory impact on Hispanic employees. Plaintiff is a victim of aforesaid practices.

1211175.1

21. Plaintiff is damaged by the wrongful acts of Defendants and their agents as herein alleged, which damage includes, without limitation, the following:

   a. Lost salary and employment benefits from the date Plaintiff should have been promoted;

   b. Injury to Plaintiff's long-term employment and career possibilities and income potential flowing from the discriminatory and wrongful conduct by Defendants and their agents from the period of underemployment she experienced since Defendants' illegal conduct; and

   c. Injury from humiliation, trauma, extreme stress, depression, and physical and mental pain and anguish.

22. The willful and wanton misconduct on the part of Defendants is such that it justifies an award of punitive damages.

23. All prerequisites to Plaintiff filing suit have been met.

24. All allegations of this Complaint are incorporated into each Claim for Relief.

**FIRST CLAIM FOR RELIEF**
**Sex Discrimination Under Title VII**
**(Against Maricopa County and Paul Penzone, in his capacity as Maricopa County Sheriff)**

25. Plaintiff is a member of a protected class (female). The acts and conduct of Defendants, as alleged above, were in violation of Title VII. Defendants intentionally discriminated against Plaintiff based on her gender. Similarly situated male employees were treated more favorably than Plaintiff in the terms and conditions of their employment.

1211175.1

26. Plaintiff is damaged by Defendants' violations of Title VII as hereinabove alleged or as proven at trial.

**SECOND CLAIM FOR RELIEF**
**Retaliation Under Title VII**
**(Against Maricopa County and Paul Penzone, in his capacity as Maricopa County Sheriff)**

27. Defendants intentionally, knowingly, and maliciously, or in the alternative, in reckless disregard of Plaintiff's federally protected rights, retaliated against Plaintiff after she reported her good faith concerns of sexual harassment and discrimination to Defendants Maricopa County and Sheriff Paul Penzone.

28. As a proximate result of Defendants' wrongful conduct, Plaintiff has been damaged as alleged herein or as proven at trial.

**THIRD CLAIM FOR RELIEF**
**Race/National Origin Discrimination in Violation of 42 U.S.C. § 1981**
**(Against All Defendants)**

29. In doing to acts alleged herein, Defendants intentionally and illegally discriminated against Plaintiff on the basis of her race and national origin in violation of 42 U.S.C. § 1981.

30. The following actions were taken against Plaintiff on the basis of her race and national origin:

   a. Defendant Roska intentionally used discipline that was discriminatory, retaliatory, and dismissed as unfounded to deny Plaintiff a promotion to Sergeant.

1211175.1

b. Defendants Maricopa County and Sheriff Paul Penzone allowed Defendant Roska to deny Plaintiff the right to employment advance.

31. Upon information and belief, Caucasian employees with disciplinary records have been promoted to Sergeant, the position repeatedly denied to Plaintiff. In addition, Defendants have disproportionately and adversely impacted Hispanic employees in promotion decisions.

32. Plaintiff is damaged by Defendants' violations of 42 U.S.C. § 1981 as hereinabove alleged or as proven at trial.

WHEREFORE, Plaintiff requests judgment in her favor and against Defendants as follows:

A. For all injunctive and declaratory relief necessary, including a declaration that Defendants' conduct violated Title VII and 42 U.S.C. § 1981, and enjoining Defendants from conduct violating Plaintiff's rights;

B. For actual, consequential and incidental damages as alleged herein or as proven at trial;

C. For punitive damages;

D. For Plaintiff's attorneys' fees and costs incurred in this matter pursuant to Title VII and 42 U.S.C. § 1981 and any other applicable statute, rule or regulation;

1211175.1

E.  For interest on each element of damage, cost, or attorneys' fees at the highest legal rate from the date of such damage, cost or attorneys' fees was incurred until paid; and

F.  For such other and further relief as the Court deems just and proper.

DATED this 3rd day of May, 2021.

        SHIELDS PETITTI, PLC

        By <u>Michael J. Petitti, Jr.</u>
          Michael J. Petitti, Jr.
          Paige C. Pataky
          5090 N. 40th Street, Suite 207
          Phoenix, AZ 85018
          *Attorneys for Plaintiff*

1211175.1